Detective Damon Whitener Little Rock Police Department 700 West Markham Street Little Rock, Arkansas 72201-1329
Dear Detective Whitener:
I am writing in response to your request for my opinion concerning the Arkansas Freedom of Information Act ("FOIA"). Your request is submitted pursuant to A.C.A. § 25-19-105(c)(3)(B)(i) (Supp. 2007), which authorizes the custodian, requester, or the subject of personnel, employee evaluation, or job performance records to seek an opinion from this office stating whether the custodian's decision regarding the release of such records is consistent with the FOIA.
Your letter states that an inmate at the Pulaski County Regional Jail has submitted a FOIA request to the Little Rock Department of Human Resources for your personnel file, as well as copies of the investigative file and any other existing reports that list this inmate as the subject. You request my review of the custodian's decision to release a copy of your personnel file after redacting personal information such as social security number, address, and date of birth. It is your belief that the purpose of this FOIA request is to obtain your personal information and otherwise harass you. You further state that the requester is, in your opinion, mentally unstable and capable of violence.
RESPONSE
My duty under subsection 25-19-105(c)(3)(B)(i) is to state whether the decision of the custodian of records is consistent with the FOIA. Attached to your letter is a memorandum from Stacey Witherell, Labor and Employee Relations Manager, Little Rock Department of Human Services. As custodian of the records, Ms. Witherell has determined that the information requested is a personnel record *Page 2 
and thereby releasable with "no personal information like social security number, address or date of birth" disclosed. I haven't been provided with copies of the documents to be released and nothing in your letter indicates what specific records the Department has decided to release. Accordingly, I can only set out the legal standards the custodian must apply to determine whether certain documents contained in personnel files must be disclosed.
A document must be disclosed in response to a FOIA request if all three of the following elements are met. First, the FOIA request must be directed to an entity subject to the act. Second, the requested document must constitute a public record. Third, no exceptions allow the document to be withheld.
The first two elements appear met in this case. As for the first element, the documents are held by the Little Rock Department of Human Resources, which is a public entity. As for the second element, the FOIA defines "public records" as:
 writings, recorded sounds, films, tapes, electronic or computer-based information, or data compilations in any medium, required by law to be kept or otherwise kept, and which constitute a record of the performance or lack of performance of official functions which are or should be carried out by a public official or employee, a governmental agency, or any other agency wholly or partially supported by public funds or expending public funds. All records maintained in public offices or by public employees within the scope of their employment shall be presumed to be public records.
A.C.A. § 25-19-103(5)(A) (Supp. 2007). Because the records are held by a public entity, they are rebuttably presumed to be public records. Not having seen any of the records in question, I cannot assess whether the presumption is actually rebutted in this instance. If the presumption is rebutted, then the document fails this element and the document must not be released. If the presumption cannot be rebutted, then the FOIA analysis proceeds to the third element: whether any exceptions preclude disclosure. There are two relevant exceptions and a general overriding constitutional concern of which the custodian must be aware. *Page 3 
The FOIA provides two exemptions for items normally found in employees' files.[1] For purposes of the FOIA, items in employees' files can usually be divided into two mutually exclusive groups: "personnel records" under section 25-19-105(b)(12);[2] or "employee evaluation or job performance records" under section 25-19-105(c)(1).[3] The test for whether these two types of documents may be released differs significantly.
If a document is a "personnel record," the document is open to public inspection and copying except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy." A.C.A. §25-19-105(b)(12) (Supp. 2007). The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be definitively determined by reviewing the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records other than employee evaluation and job performance records that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 1999-147,citing Watkins, THE ARKANSAS FREEDOM OF INFORMATION ACT, p. 134 (mm Press, 3d ed., 1998). *Page 4 
The FOIA likewise does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. To determine whether the release of a personnel record would constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The test weighs the public's interest in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593,826 S.W.2d 252 (1992). The balancing takes place with a thumb on the scale favoring disclosure. To aid in conducting the balancing test, the court in Young elucidated a two-step approach. First, the custodian must assess whether the information contained in the requested document is of a personal or intimate nature such that it gives rise to greater than deminimus privacy interest. Id. at 598, 826 S.W.2d at 255. If the privacy interest is merely de minimus, then the thumb on the scale favoring disclosure outweighs the privacy interest. Second, if the information does give rise to a greater than de minimus privacy interest, then the custodian must determine whether that interest is outweighed by the public's interest in disclosure. Id., 826 S.W.2d at 255. Because the exceptions must be narrowly construed, the person resisting disclosure bears the burden of showing that, under the circumstances, his privacy interests outweigh the public's interests. Stilley, supra, at 313. The fact that the subject of any such records may consider release of the records an unwarranted invasion of personal privacy is irrelevant to the analysis because the test is objective. E.g., Op. Att'y Gen. Nos. 2001-112, 2001-022, 94-198.
The question of whether the release of any particular personnel record would constitute a clearly unwarranted invasion of personal privacy is always a question of fact. Op. Att'y Gen. Nos. 2006-176, 2004-260, 2003-336, 2003-201, 98-001. A number of documents contained in personnel files are typically releasable under this standard, with appropriate redactions. I believe a current employee's job application, employment history, and any background investigation that served as a basis for his hiring constitute "personnel records" under the standard set forth above. As my predecessor noted in Op. Att'y Gen. 2007-278:
 Certain . . . employment-related records found in police personnel files are typically subject to release with any appropriate redactions. See, e.g., Op. Att'y Gen. Nos. 2005-268 (mentioning job application documents, resumes, documents evidencing completion of psychological examination; and personal history statements as being *Page 5 
subject to release with appropriate redactions); and 2004-178 (discussing training files with scores redacted).
In contrast, some information typically found in an employee's personnel file is not subject to release under the FOIA. Some of those items include: dates of birth of public employees (Op. 2007-064); social security numbers (Ops. 2006-035, 2003-153); medical information (Op. 2003-153); any information identifying certain law enforcement officers currently working undercover (A.C.A. § 25-19-105(b)(10)); driver's license numbers (Op. 2007-025); insurance coverage (Op. 2004-167); tax information or withholding (Ops. 2005-194, 2003-385); payroll deductions (Op. 98-126); banking information (Op. 2005-195); unlisted telephone numbers (Op. 2005-114); personal e-mail addresses (Op. 2004-225); and marital status of employees and information about dependents (Op. 2001-080).
Not having seen any records at issue, I cannot assess which records (if any) met the personnel-records definition. Consequently, I cannot assess whether the test for the release of personnel records is met.
The second potentially relevant exception is for "employee evaluation or job performance records," which the FOIA likewise does not define. But this office has consistently opined that the phrase refers to records that were created by (or at the behest of) the employer, and that detail the employee's performance or lack of performance on the job. Op. Att'y Gen. 2004-012 (and opinions cited therein). This exception includes records generated while investigating allegations of employee misconduct that detail incidents that gave rise to an allegation of misconduct. Id.
If a document meets the above definition, the document cannot be released unless the following elements have been met:
 1. There has been a final administrative resolution of any suspension or termination proceeding (finality);
 2. The records in question formed a basis for the decision made in that proceeding to suspend or terminate the employee (relevance); and *Page 6 
 3. There is a compelling public interest in the disclosure of the records in question (compelling interest).
A.C.A. § 25-19-105(c)(1) (Supp. 2007). All three of the conditions must be present before an evaluation or job performance record may be released. Op. Att'y Gen. 2008-065. Not having seen any of the documents in question, I cannot assess whether the records (if any) meet the definition of employee evaluation records. Consequently, I cannot assess whether the documents formed the basis (i.e., the relevance prong) of a final administrative proceeding for suspension or termination (i.e., the finality prong).
As for the third prong, the FOIA never defines the key phrase "compelling public interest." But two leading commentators on the FOIA, referring to this office's opinions on this issue, have offered the following guidelines:
 [I]t seems that the following factors should be considered in determining whether a compelling public interest is present: (1) the nature of the infraction that led to suspension or termination, with particular concern as to whether violations of the public trust or gross incompetence are involved; (2) the existence of a public controversy related to the agency and its employees; and (3) the employee's position within the agency. In short, a general interest in the performance of public employees should not be considered compelling, for that concern is, at least theoretically, always present. However, a link between a given public controversy, an agency associated with the controversy in a specific way, and an employee within the agency who commits a serious breach of public trust should be sufficient to satisfy the "compelling public interest" requirement.
Watkins Peltz, supra, at 207 (footnotes omitted). Professors Watkins and Peltz also note that "the status of the employee" or "his rank within the bureaucratic hierarchy" may be relevant in determining whether a "compelling public interest" exists. Id. at 206 (noting that "[a]s a practical matter, such an interest is more likely to be present when a high-level employee is involved than when the [records] of `rank-and-file' workers are at issue.") With respect to allegations of police misconduct, I noted as follows in Op. Att'y Gen. 2007-206: *Page 7 
 a compelling public interest likely exists in information reflecting a violation of departmental rules by a "cop on the beat" in his interactions with the public. See Op. Att'y Gen. 2006-106. If the prior disciplinary records reflect a suspension based on this type of infraction, a strong case for the finding of a compelling public interest exists.
Whether there is a compelling public interest in particular records is a question of fact that must be determined in the first instance by the custodian of the records, considering all of the relevant information. Not having seen any of the records in question, I cannot assess this third prong.
In my opinion, any records relating to disciplinary actions or internal affairs investigations clearly fall within the category of employee evaluation/job performance records, subject to review under the standard discussed above. Given that I am not a finder of fact and have not been provided any of the records at issue, I am unable to opine regarding which documents, if any, are subject to disclosure. However, as a matter of law, disciplinary actions, if any, which did not result in suspension or termination, must be deemed exempt from release.
Apart from the legal tests for personnel records and employee evaluation records, the custodian should be aware of some general constitutional implications of disclosure. Any party who may be identified from any of the requested records may have a constitutionally-protected privacy interest in those records. The Arkansas Supreme Court has recognized that the constitutional right of privacy can supersede the specific disclosure requirements of the FOIA, at least with regard to the release of documents containing constitutionally-protectable information. McCambridge v. City of LittleRock, 298 Ark. 219, 766 S.W.2d 909 (1989). The McCambridge court held that a constitutional privacy-interest applies to matters that: (1) an individual wants to and has kept confidential; (2) can be kept confidential but for the challenged governmental action in disclosing the information; and (3) would be harmful or embarrassing to a reasonable person if disclosed.
Whether certain information is constitutionally protected under the right to privacy, is a highly factual decision the custodian of records must initially make. *Page 8 
If the custodian determines that the records contain constitutionally-protectable information (i.e., information that meets the McCambridge test), then the custodian must consider whether the governmental interest in disclosure (i.e., the public's legitimate interest in the matter) outweighs the privacy interest in withholding them. As always, the person claiming the right will have the burden of establishing it.
Deputy Attorney General Beth Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM/EAW:cyh
[1] This office and the leading commentators on the FOIA have observed that personnel files usually include: employment applications; school transcripts; payroll-related documents such as information about reclassifications, promotions, or demotions; transfer records; health and life insurance forms; performance evaluations; recommendation letters; disciplinary-action records; requests for leave-without-pay; certificates of advanced training or education; and legal documents such as subpoenas. E.g., Op. Att'y Gen. 97-368; John J. Watkins Richard J. Peltz, THE ARKANSAS FREEDOM OF INFORMATION ACT 181-82 (4th ed., m m Press 2004).
[2] This subsection states: "It is the specific intent of this section that the following shall not be deemed to be made open to the public under the provisions of this chapter . . . (12) [p]ersonnel records to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy."
[3] This subsection states: "Notwithstanding subdivision (b)(12) of this section, all employee evaluation or job performance records, including preliminary notes and other materials, shall be open to public inspection only upon final administrative resolution of any suspension or termination proceeding at which the records form a basis for the decision to suspend or terminate the employee and if there is a compelling public interest in their disclosure." *Page 1